IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**REGINALD BUTLER;**                                                   **PLAINTIFFS**
**JACOBS JOHNSON;**

**VS.**                                            **CIVIL ACTION NO.:**_____

**HINDS COUNTY, MISSISSIPPI;**                       **DEFENDANTS**
**HINDS COUNTY SHERIFF'S DEPARTMENT;**
**TYRONE LEWIS (in both his official and individual capacities),**
**and JOHN DOES 1-5**

## AMENDED COMPLAINT

### ***JURY TRIAL DEMANDED***

Plaintiffs Reginald Butler and Jacobs Johnson bring this suit against Defendants Hinds County, Mississippi, Hinds County Sheriff's Department, Tyrone Lewis, in both his official and individual capacities and John Does 1-5 and for cause of action states as follows:

### Parties

1. Plaintiff Reginald Butler is, and was at all relevant times, an adult resident citizen of Hinds County, Mississippi.

2. Plaintiff Jacobs Johnson is, and was at all relevant times, an adult resident citizen of Hinds County, Mississippi.

3. Defendant, Hinds County, Mississippi may be served with process by delivering the Summons and Complaint to Eddie Jean Carr, who is the Clerk of the

Board of Supervisors, at her business address of Hinds County Chancery Court, 316 South President Street, Jackson, MS 39201.

4. Defendant, Hinds County Sheriff's Department, Mississippi may be served with process by delivering the Summons and Complaint to Sheriff Victor Mason, who is the Hinds County Sheriff, at his business address of Hinds County Sheriff's Department 407 E. Pascagoula Street, Jackson, MS 39205.

5. Defendant Tyrone Lewis was at all relevant times, the Hinds County Sheriff. He may be served by delivering the Summons and Complaint to him at his address 6147 Amblewood Drive, Jackson, MS 39213, or wherever he may be found. He is sued in both his official and individual capacities as explained below.

6. Defendants, John Does 1-5, are other individuals that were involved in the deprivation of Plaintiff's rights as set forth below. They will be added to the Complaint as and when discovery permits better identification of them and the role that they played.

### Jurisdiction and venue

7. This Court has personal jurisdiction over all of the Defendants because they either reside in this District and Division or are a political subdivision of the State of Mississippi within this District and Division.

8. This Court is the appropriate venue for this action pursuant to 28 U.S.C. Section 1391.

9. This Court has subject matter jurisdiction over the claims asserted in this Complaint pursuant to both 28 U.S.C. Section 1331 and 1343.

## Statement of the Facts

10.     On or about May 20, 2015, Reginald Butler and Jacobs Johnson were arrested by the Hinds County Sheriff's Department. A copy of the general affidavit filed against Reginald Butler is attached hereto as Exhibit A. Both plaintiffs were charged with violation of § 97-9-39 of the Mississippi Code Annotated. § 97-9-39 states as follows:

> **§ 97-9-39. Escape of prisoners; refusal of officer, jailer, etc., to arrest or confine; refusal to receive prisoners at jail; suffering an escape; accepting bribe to permit escape:**
>
> If any sheriff, jailer, constable, marshal, or other officer, shall willfully and corruptly refuse to execute any lawful process directed to him or any of them, requiring the apprehension or confinement of any person charged with a criminal offense; or shall corruptly and willfully omit to execute such process, by which such person shall escape; or shall willfully refuse to receive in any jail under his charge any offender lawfully committed to such jail and ordered to be confined therein on any criminal charge or conviction, or any lawful process whatever; or shall suffer any person lawfully committed to his custody to escape and go at large, either willfully or negligently; or shall receive any gratuity or reward, or any security or engagement for the same, to procure, assist, or connive at, or permit any prisoner in his custody on any criminal charge or conviction to escape, whether such escape be attempted or effected or not, he shall, upon conviction, be punished by imprisonment in the county jail not exceeding one (1) year, or by fine not exceeding One Thousand Dollars ($ 1,000.00), or both.

11.     Further, on or about May 20, 2015, former Hinds County Sheriff Tyrone Lewis held a press conference to announce the arrest of two employees of the Hinds County Sheriff's Department, Reginald Butler, along with Jacobs Johnson. During that press conference, it was announced by Sheriff Lewis that Mr. Johnson and Mr. Butler each had been charged and arrested for **aiding and abetting** the escape of three individuals from the downtown facility on May 3, 2015. Reginald Butler and Jacobs Johnson were both immediately arrested and fired from their positions with the Hinds County Sheriff's Department. A copy of the termination letter provided to Reginald Butler is attached hereto as Exhibit B.

12. Misdemeanor trials were set for each of the Plaintiffs. Reginald Butler was represented by the undersigned in his Hinds County Justice Court proceeding, and Jacobs Johnson represented himself at his Hinds County Justice Court proceeding.

13. The charges against Reginald Butler were dismissed at trial. At trial, the officer that filed the general affidavit asked the Hinds County prosecutor to drop the charges, because she could not agree to prosecute an innocent man. In a moment of candor, the deputy stated that former sheriff Tyrone Lewis told her to blame Mr. Butler for the recent escapes, in order to "take the heat" off of him and the Sheriff's Department.

13. Further, the charges against Jacobs Johnson were also dismissed at trial. At trial, the same officer that filed the general affidavit against Reginald Butler asked the Hinds County prosecutor to drop the charges, for the same reasons as in Mr Butler's case. Again, in an honest moment of candor, the deputy apologized to Mr. Johnson for having to put him through all of this, and said that she didn't have a choice, due to the fear of retaliation by Tyrone Lewis, if she refused.

## Causes of Action

### Count I – Deliberate Indifference

14. All Defendants were acting under color of law when Plaintiffs suffered the injuries, violations of rights, and damages alleged above. Defendant, Tyrone Lewis, was acting in the course and scope of his employment.

15. Plaintiffs brings this action pursuant to 42 U.S.C. Section 1983 for violation of the rights, privileges and immunities secured to them by the Constitution and the laws of the United States.

16. More specifically, Plaintiffs had the right under the Fourth Amendment of the United States Constitution to be free from unlawful search and seizure. The Fourth Amendment is made applicable to the states by the Fourteenth Amendment.

17. Further, pursuant to the Fifth Amendment of the United States Constitution, Plaintiffs could not be deprived of their property or liberty in the absence of due process of law, which was denied to them here. The Fifth Amendment is made applicable to the states by the Fourteenth Amendment.

18. As a result of the actions of the Defendants, Plaintiffs had been subjected to wrongful arrest, coercion, false imprisonment, punishment, loss of income, loss of employment, inconvenience, and mental and emotional distress.

19. For this, they seeks compensatory damages against all Defendants, jointly and severally.

20. Plaintiffs further requests an award of punitive damages, to be determined by the jury, against Defendant, Tyrone Lewis.

21. Plaintiffs further requests an award of costs, attorneys' fees and litigation expenses pursuant to 42 U.S.C. Section 1988.

22. Plaintiffs further requests a declaratory judgment that the employer of Tyrone Lewis owes a duty to Plaintiffs, pursuant to 11-46-7 of the Mississippi Code, to pay any judgment rendered against Tyrone Lewis.

### Count II – County liability under Section 1983

22. Defendant Lewis was at the time the final policymaker for Hinds County, Mississippi with respect to law enforcement activities. In addition, Defendant Lewis, as the Sheriff of Hinds County Mississippi, was responsible for the implementation and promulgation of official policy for the Sheriff's Department.

23. Upon information and belief, the arrest and incarceration of the Plaintiffs were the results of direct orders of Defendant Lewis.

24. Further, Defendant Lewis failed to properly train and supervise his employees, resulting in the violation of the Plaintiffs' constitutional rights.

25. Under those circumstances, 42 U.S.C. Section 1983 provides the remedy for the violation of Mr. Butler's and Mr. Johnson's rights as described above. Mr. Butler and Mr. Johnson, therefore, assert a Section 1983 claim against all Defendants for the violation of their rights under the Fourth Amendment and/or due process clause of the Fourteenth Amendment which resulted in their wrongful incarceration.

26. Defendant Lewis and Hinds County, Mississippi have caused Mr. Butler and Mr. Johnson pain, suffering, emotional distress, physical injuries, disability, loss of wages, loss of wage earning capacity, and loss of enjoyment of life.

27. For such, Mr. Butler and Mr. Johnson seek judgments against all Defendants, jointly and severally, for all damages permitted pursuant to 42 U.S.C. Section 1988.

### Count III – Malicious Prosecution

28. Plaintiffs re-allege and incorporate by reference all allegations set forth in the preceding paragraphs as if set forth herein.

29. Defendants acted maliciously and in the absence of probable cause to commence the criminal proceedings against Reginald Butler and Jacobs Johnson.

30. 42 U.S.C. Section 1983 provides the remedy for the violation of Mr. Butler and Mr. Johnson rights as described above, and therefore, Plaintiffs assert a Section 1983 claim against all Defendants for the violation of their rights under the Eighth Amendment and/or due process clause of the Fourteenth Amendment which resulted in their wrongful incarceration.

31. For such, pursuant to 42 U.S.C. Section 1988, Plaintiffs seeks a judgment against all Defendants, jointly and severally, for an award of attorney's fees, costs and other expenses as set forth by statute.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs requests judgment against the Defendants for compensatory damages in an amount not less than $500,000.00, plus punitive damages against Tyrone Lewis, the Hinds County Sheriff's Department, and Hinds County, Mississippi, in an amount not less than $500,000.00, plus attorney's fees, costs, litigation expenses, prejudgment interest, and post-judgment interest as provided by rule and statute. Plaintiffs additionally seeks the declaratory judgment stated above.

Respectfully submitted, this the 21st day of May, 2018.

**REGINALD BUTLER;**

**JACOBS JOHNSON**

By: _____
**SAMUEL C. MARTIN**

Samuel C. Martin (MB #101480)
Smartlaw, PLLC.
106 Luckney Station Rd., Ste. B.
Post Office Box 320879
Flowood, Mississippi 39232
Telephone: (601) 714-1169
Facsimile: (601) 714-1169
sam@smartlawms.com