UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

REGINALD BUTLER AND
JACOBS JOHNSON                                                                    PLAINTIFFS

V.                                                    CIVIL ACTION NO. 3:18-CV-326-DPJ-FKB

HINDS COUNTY, MISSISSIPPI, ET AL.                                                 DEFENDANTS

ORDER

Defendants Hinds County Sheriff's Department [5] and Tyrone Lewis [6] seek judgment on the pleadings in this § 1983 case. Because it is not a separate legal entity amenable to suit, the Sheriff's Department's motion is granted. Lewis's motion is granted in part and denied in part as explained below.

I.   Facts and Procedural History

On May 3, 2015, three inmates escaped from the Hinds County Detention Center in Jackson, Mississippi. On May 20, 2015, Plaintiffs Reginald Butler and Jacobs Johnson, both employees of the Hinds County Sheriff's Department, were arrested and charged with aiding the escape of prisoners under Mississippi Code section 97-9-39. The charges against Butler and Johnson were dropped at their misdemeanor trials, with the deputy who filed the affidavits against them "stating that former sheriff Tyrone Lewis told her to blame Mr. Butler for the recent escapes" and "apologiz[ing] to Mr. Johnson for having to put him through all of this, [saying] that she didn't have a choice, due to the fear of retaliation by Tyrone Lewis, if she refused." Am. Compl. [2] ¶ 13.

Butler and Johnson filed this lawsuit asserting § 1983 false-arrest and related claims against Hinds County, Mississippi, the Hinds County Sheriff's Department, and former Hinds County Sheriff Tyrone Lewis, in his official and individual capacities, on May 20, 2018.

Defendants answered the Amended Complaint, and on July 11, 2018, the Sheriff's Department and Lewis filed their motions for judgment on the pleadings. Following the entry of a show-cause order, Plaintiffs responded to Lewis's motion—but not the Sheriff's Department's motion—and Lewis filed a reply. The Court has personal and subject-matter jurisdiction.

II.     Standard

"The standard for deciding a Rule 12(c) motion [for judgment on the pleadings] is the same as a Rule 12(b)(6) motion to dismiss." *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). The "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To overcome a Rule 12(c) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations and footnote omitted).

III.    Analysis

    A.      Hinds County Sheriff's Department

The Sheriff's Department argues that it "does not enjoy a separate legal existence from that of Hinds County, Mississippi," such that Plaintiffs' claims against it cannot go forward. Def.'s Mot. [5] ¶ 4. Plaintiffs did not respond to the Sheriff's Department's argument, which is

legally correct.  *See Cunningham v. Hinds Cty. Sheriff's Dep't*, No. 3:12-CV-634-CWR-FKB, 2012 WL 5384642, at *2 (S.D. Miss. Nov. 1, 2012).  The Sheriff's Department's Motion for Judgment on the Pleadings [5] is granted.

    B.    Tyrone Lewis

Lewis says the official-capacity claims against him should be dismissed because they are duplicative of the claims against Hinds County.  *See Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001) (affirming dismissal of official-capacity claims against municipal officers "as these allegations duplicate claims against the respective governmental entities themselves"); *Williams v. Hargrove*, No. 1:16-CV-266-KS-MTP, 2018 WL 310043, at *2 (S.D. Miss. Jan. 5, 2018) (dismissing official-capacity claims as "duplicative and redundant" where relevant government entity was also named as defendant).  Plaintiffs did not respond to this argument, which appears correct.  The official-capacity claims against Lewis are dismissed.

As to the individual-capacity claims against him, Lewis asserts the defense of qualified immunity.

> [T]he doctrine of qualified immunity protects government officials from civil damages liability when their actions could reasonably have been believed to be legal.  This immunity protects all but the plainly incompetent or those who knowingly violate the law.  Accordingly, we do not deny immunity unless existing precedent must have placed the statutory or constitutional question beyond debate.  The basic steps of this court's qualified-immunity inquiry are well-known:  a plaintiff seeking to defeat qualified immunity must show:  (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct.

*Anderson v. Valdez*, 845 F.3d 580, 599–600 (5th Cir. 2016) (internal quotation marks, footnotes, and citations omitted).  On the latter point,

> a defendant cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it.  In other words, existing precedent must have placed the statutory or constitutional question confronted by the official beyond debate.  In addition, [the Supreme Court] ha[s]

3

repeatedly told courts . . . not to define clearly established law at a high level of
generality, since doing so avoids the crucial question whether the official acted
reasonably in the particular circumstances that he or she faced.

*Plumhoff v. Rickard*, 134 S. Ct. 2012, 2023 (2014) (citations omitted). "When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002).

Lewis makes the following arguments: (1) Plaintiffs failed to plead a plausible false-arrest claim because there are no facts showing Lewis's personal involvement, that he lacked probable cause, or that his conduct was objectively unreasonable; (2) Plaintiffs failed to plead any facts regarding an illegal search; (3) Plaintiffs offered nothing beyond conclusory assertions to support their false-imprisonment claim; (4) Plaintiffs alleged no facts suggesting a coercion claim; and (5) malicious prosecution is not cognizable under § 1983.

Plaintiffs essentially ignore these arguments and instead offer the following "Argument and authorities"—in their entirety:

> Sheriff Tyrone Lewis was a final policymaker for Hinds County, Mississippi with respect to law enforcement activities. Sheriff Lewis'[s] deliberate indifference, as well as his direct order, as to . . . the violation of the civil rights of the Plaintiffs rises to a level that it became part of the custom, policy or practice of the Hinds County Sheriff's Department. It is upon this basis that Mr. Butler and Mr. Johnson have asserted claims against Hinds County.
>
> In their Complaint, Plaintiffs set forth the conditions to which they were subjected, including to wrongful arrest, coercion, false imprisonment, punishment, loss of income, loss of employment, inconvenience, and mental and emotional distress[.] Plaintiffs['] Complaint further states that all Defendants were acting . . . under color of law when the injuries, violations of rights, and damages outlined in their Complaint occurred. Reginald Butler and Jacobs Johnson further alleged that this lawsuit was filed pursuant to 42 U.S.C. [§] 1983 for violation of the rights, privileges and immunities secured to them by the Constitution and the laws of the United States.

Pls.' Mem. [11] at 2–3.

This response is obviously insufficient. Aside from the fact that Plaintiffs ignore Lewis's arguments, the first paragraph is legally deficient. Lewis's role as a "final policymaker" has nothing to do with his assertion of qualified immunity as to the claims against him in his individual capacity. *See Bolton v. City of Dall.*, 541 F.3d 545, 548 (5th Cir. 2008) (explaining that "a single unconstitutional action by a municipal actor may give rise to *municipal liability* if that actor is a final policymaker" (emphasis added)). The second and final paragraph of Plaintiffs' analysis provides merely a conclusory summary of the Complaint and nothing more.

As a result, Plaintiffs offered no substantive responses to Lewis's arguments for dismissal of the illegal-search, false-imprisonment, coercion, and malicious-prosecution claims. Lewis's motion is therefore granted as to those claims for the reasons stated in his motion.

Some of those claims will be dismissed with prejudice, some without. First, the coercion and malicious-prosecution claims are dismissed with prejudice because Plaintiffs have not shown the possibility of pleading the former and the latter is not a viable cause of action. *See Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003) (finding "no . . . freestanding constitutional right to be free from malicious prosecution"). Second, the claims based on illegal search and false imprisonment are dismissed without prejudice to Plaintiffs' right to file a motion seeking leave to amend.

Although the present record is thin, the Court cannot conclude that amendment would be futile. *See Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) (citation omitted) (stating that "a plaintiff's failure to meet the specific pleading requirements should not automatically or inflexibility result in dismissal of the complaint with prejudice to re-filing," especially when amendment would not be futile). Accordingly, Plaintiffs are given 14 days from the date of this Order to file a properly supported motion to amend that fully complies with Uniform Local Rule

7(b)(2). Failure to do so will result in the dismissal of the illegal-search and false-imprisonment claims with prejudice and without further notice.

That leaves the toughest issue—whether Plaintiffs adequately pleaded their false-arrest claim. Although Plaintiffs did not offer much to go on in their Rule 12(c) response, the Court must still accept as true the non-conclusory factual averments and view them in the light most favorable to Plaintiffs. *Twombly*, 550 U.S. at 555. And in that light, the Complaint adequately pleads that prisoners escaped; that Plaintiffs (both former employees) were arrested for assisting the escapees; that they were charged with aiding the escapees; and that both stood trial for the misdemeanor offenses. Compl. [1] ¶¶ 10–12.

The Complaint then states:

13. The charges against Reginald Butler were dismissed at trial. At trial, the officer that filed the general affidavit asked the Hinds County prosecutor to drop the charges, because she could not agree to prosecute an innocent man. In a moment of candor, the deputy stated that former sheriff Tyrone Lewis told her to blame Mr. Butler for the recent escapes, in order to "take the heat" off of him and the Sheriff's Department.

13. [sic] Further, the charges against Jacobs Johnson were also dismissed at trial. At trial, the same officer that filed the general affidavit against Reginald Butler asked the Hinds County prosecutor to drop the charges, for the same reasons as in Mr. Butler's case. Again, in an honest moment of candor, the deputy apologized to Mr. Johnson for having to put him through all of this, and said that she didn't have a choice, due to the fear of retaliation by Tyrone Lewis, if she refused.

Lewis first says that these averments fail to state a plausible claim that he was personally involved in any false arrest. While Lewis is correct that Plaintiffs must show personal involvement, the Complaint does so when viewed in the light most favorable to Plaintiffs. Lewis appears to have directed the deputy who swore out the general affidavits initiating the charges.

Lewis next says that Plaintiffs failed to plead that he lacked probable cause to initiate the arrest. Here, the Court accepts as true that Plaintiffs were innocent—the charges were dropped

6

and the charging deputy said she believed the men were innocent.  *See* Am. Compl. [2] ¶ 13.
Those averments regarding innocence, when coupled with the statement that Lewis told the
deputy to "blame" the Plaintiffs to "'take the heat' off him," suggest that there was no probable
cause and Lewis was using Plaintiffs as scapegoats.  *Id.*

> [D]etermining whether a complaint states a plausible claim for relief will . . . be a
> context-specific task that requires the reviewing court to draw on its judicial
> experience and common sense.  But where the well-pleaded facts do not permit
> the court to infer more than the mere possibility of misconduct, the complaint has
> alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

*Iqbal*, 556 U.S. at 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).  In this case, Plaintiffs make the
required showing.

And assuming Lewis initiated these arrests without probable cause, his actions would
violate clearly established law.  *See Mangieri v. Clifton*, 29 F.3d 1012, 1016 (5th Cir. 1994)
("The right to be free from arrest without probable cause is a clearly established constitutional
right.").  The motion is therefore denied without prejudice as to the false-arrest claim against
Lewis in his individual capacity.

Having said that, the Court recognizes that "the qualified immunity defense is not only an
immunity from liability, but also an immunity from litigation."  *Holden v. Knight*, 155 F. App'x
735, 737 (5th Cir. 2005).  Accordingly, the parties are instructed to raise this issue in the case-
management conference and explore the possibility of an initial period of qualified-immunity
discovery, followed by an early dispositive motion if the record supports it.

IV.     Conclusion

The Court has considered all arguments.  Those not addressed would not have changed
the outcome.  For the foregoing reasons, Defendant Hinds County Sheriff's Department's
Motion for Judgment on the Pleadings [5] is granted.  Defendant Tyrone Lewis's Motion for
Judgment on the Pleadings [6] is granted as to the official-capacity claim; granted with prejudice

as to coercion and malicious prosecution; granted without prejudice as to illegal search and false imprisonment; and denied as to false arrest. Plaintiffs may file a motion seeking leave to amend within 14 days of the entry of this order. Finally, the parties are instructed to contact the chambers of United States Magistrate Judge F. Keith Ball within 14 days of the entry of this order to set the case for case-management conference.

**SO ORDERED AND ADJUDGED** this the 17th day of September, 2018.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE