UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

REGINALD BUTLER AND                                                    PLAINTIFFS
JACOBS JOHNSON

V.                                              CIVIL ACTION NO. 3:18-CV-326-DPJ-FKB

HINDS COUNTY, MISSISSIPPI,                                             DEFENDANTS
AND TYRONE LEWIS IN HIS
INDIVIDUAL CAPACITY

ORDER

Defendant Tyrone Lewis seeks summary judgment on the sole remaining claim against him in this false-arrest § 1983 case. Mot. [34]. Because the Court finds no genuine issue of material fact as to Lewis's personal involvement in Plaintiffs' arrest, his motion is granted.

I.  Facts and Procedural History

On May 3, 2015, three inmates escaped from the Hinds County Detention Center in Jackson, Mississippi. Plaintiffs Reginald Butler and Jacobs Johnson, both employees of the Hinds County Sheriff's Department, were on duty on that date. On May 20, 2015, Hinds County officers arrested Butler and Johnson for aiding and abetting the escape of prisoners under Mississippi Code section 97-9-39. Ultimately, the charges against Butler and Johnson were dropped, and they filed this lawsuit against Hinds County and Lewis on May 20, 2018.

On September 17, 2018, the Court granted in part and denied in part Lewis's motion for judgment on the pleadings. Following that ruling, the only pending claim against Lewis is a false-arrest claim asserted against him in his individual capacity.

The parties engaged in limited immunity-defense discovery, after which Lewis moved for summary judgment. Plaintiffs did not respond to Lewis's motion within the time permitted by local rules, and on February 10, 2020, the Court entered a Show-Cause Order directing them to

"either respond to the Motion for Summary Judgment or notify the Court that they do not oppose the motion on or before February 18, 2020." Order [36]. The Order further warned Plaintiffs that "[f]ailure to respond to this Order may result in an order granting Lewis's motion with no further notice." *Id.* The Show-Cause Order's deadline has come and gone with no response from Plaintiffs.

II.     Standard

Summary judgment is warranted under Federal Rule of Civil Procedure 56(a) when evidence reveals no genuine dispute regarding any material fact and the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a

genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little*, 37 F.3d at 1075; *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993).

In this case, Plaintiffs filed no response, but that alone will not justify granting Lewis's motion under Rule 56. *See* L.U. Civ. R. 7.2(b)(3)(E) (stating that only non-dispositive motions may be granted as unopposed). As explained by the Fifth Circuit, district courts must first consider the record.

> [I]f the moving party fails to establish by its summary judgment evidence that it is entitled to judgment as a matter of law, summary judgment must be denied—even if the non movant has not responded to the motion. But where the movant's summary judgment evidence does establish its right to judgment as a matter of law, the district court is entitled to grant summary judgment, absent unusual circumstances.

*McDaniel v. Sw. Bell Tel.*, No. 92-2433, 1992 WL 352617, at *1 (5th Cir. Nov. 19 1992) (per curiam) (citations omitted) (affirming summary judgment where the plaintiff failed to file timely response); *see also Sanders v. Bell Helicopter Textron Inc.*, 199 F. App'x 309, 310 (5th Cir. 2006) (holding that record supported summary judgment where non-movant failed to respond).

III.    Analysis

Lewis argues that the false-arrest claim against him fails because the unrebutted evidence shows that he had no personal involvement in either the decision to charge Plaintiffs or their arrests.

> Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability. However, a supervisor may be held liable if there exists either (1) his personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.

*Thompkins v. Belt*, 828 F.3d 298, 303–04 (5th Cir. 1987) (citations omitted).

At the pleading stage, the Court found sufficient allegations of Lewis's personal involvement as Plaintiffs averred that the deputy who filed the affidavits against them,

3

Investigator Kimera Boykins, told Butler "that former sheriff Tyrone Lewis told her to blame Mr. Butler for the recent escapes" and "apologized to Mr. Johnson for having to put him through all of this, [saying] that she didn't have a choice, due to the fear of retaliation by Tyrone Lewis, if she refused." Am. Compl. [2] ¶ 13. But Plaintiffs' deposition testimony does not support their allegations that Boykins claimed Lewis was involved in the decision to charge Plaintiffs.

Specifically, Butler testified that Boykins apologized to him after the charges were dropped and said, "This wasn't my doing. This came from administration." Butler Dep. [34-2] at 20. But she never said "who she was talking about when she said 'administration.'" *Id.* Johnson testified that Boykins "didn't feel right about . . . pinning these charges on us for something that we didn't do," but "[s]he didn't say who [wanted her to pin charges on them] as far as a specific person." Johnson Dep. [34-3] at 47, 49. Neither stated that Lewis was present when they were arrested. *Id.* at 46; Butler Dep. [34-2] at 28.

For his part, Lewis testified that he "had no part in [the] criminal investigation" leading to Plaintiffs' arrests. Lewis Dep. [34-6] at 57. And he denied that he "order[ed] Kimera Boykins to arrest Mr. Butler and Mr. Johnson." *Id.* at 80. He also confirmed that he was not present when either Butler or Johnson were arrested. *Id.* at 81.

Plaintiffs point to no evidence indicating that Lewis was personally involved in their allegedly unconstitutional arrests. As such, he can have no individual liability under § 1983.

IV. Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, Tyrone Lewis's Motion for Summary Judgment [34] is granted. The remaining parties are directed to contact the chambers of United States Magistrate

Judge F. Keith Ball within 10 days to set the case for a status or case-management conference, as appropriate.

**SO ORDERED AND ADJUDGED** this the 20th day of March, 2020.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE