UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

REGINALD BUTLER AND                                                                                      PLAINTIFFS
JACOBS JOHNSON

V.                                                                       CIVIL ACTION NO. 3:18-CV-326-DPJ-FKB

HINDS COUNTY, MISSISSIPPI                                                                                DEFENDANT

ORDER

Defendant Hinds County, Mississippi, seeks summary judgment on the claims Plaintiffs filed against the County under 42 U.S.C. § 1983.  Mot. [38].  For the following reasons, Hinds County's motion is granted.

I.      Facts and Procedural History

On May 3, 2015, three inmates escaped from the Hinds County Detention Center in Jackson, Mississippi.  On May 20, 2015, Hinds County officers arrested Plaintiffs Reginald Butler and Jacobs Johnson, both employees of the Hinds County Sheriff's Department, for aiding and abetting the escape.  Ultimately, the charges against Butler and Johnson were dropped at trial, and they filed this lawsuit against Hinds County and Sheriff Tyrone Lewis on May 20, 2018.  The Court dismissed Defendant Lewis, leaving Hinds County as the sole Defendant.  As to it, Plaintiffs assert claims for illegal search, malicious prosecution, coercion, and false imprisonment/false arrest.

On April 7, 2020, Hinds County sought summary judgment on all claims, but Plaintiffs initially failed to respond.  The Court therefore entered a May 4, 2020 Show Cause Order [41].[1]

---

[1] This was the third show-cause order instructing Plaintiffs to respond to dispositive motions.

Plaintiffs then responded to Hinds County's motion, objecting that it is premature but failing to respond substantively to Hinds County's arguments. The County filed a timely reply.

II.     Standard

Summary judgment is warranted under Federal Rule of Civil Procedure 56(a) when evidence reveals no genuine dispute regarding any material fact and the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

III.    Analysis

Plaintiffs' four-page response focuses entirely on the timing of Hinds County's motion, noting that the County filed it before the case-management conference. But Federal Rule of Civil Procedure 56(b) provides that "a party may file a motion for summary judgment at any time." And Rule 56(d) provides a mechanism by which a nonmovant may properly object to a premature Rule 56 motion:

      If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

          (1) defer considering the motion or deny it;

          (2) allow time to obtain affidavits or declarations or to take discovery; or

          (3) issue any other appropriate order.

Here, Plaintiffs' request for relief under Rule 56(d) is procedurally and substantively insufficient. To begin, Uniform Local Rule 7(b)(3)(C) states that "[a] response to a motion may not include a counter-motion in the same document. Any motion must be an item docketed separately from a response." Plaintiffs filed no motion under Rule 56(d), so there is nothing before the Court. *See McLin v. Chiles*, No. 3:14-CV-636-DPJ-FKB, 2016 WL 208322, at *3 (S.D. Miss. Jan. 15, 2016) (noting that Rule 56(d) motions must be filed). Moreover, Plaintiffs failed to file the affidavit or declaration that Rule 56(d) expressly requires.

Overlooking these procedural problems, a Rule 56(d) motion "must 'set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.'" *Am. Family Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)). Accordingly, "non-moving parties requesting Rule 56(d) relief 'may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts.'" *Id.* (quoting *Raby*, 600 F.3d at 561). Yet that is all Plaintiffs offer in their response. They provide no details about what they believe discovery will unearth or how it will enable them to defeat Hinds

County's motion.[2]  Plaintiffs' conclusory argument that Hinds County's motion is premature does not suffice.

Turning to the merits, Plaintiffs assert their claims under § 1983, which requires proof that a person violated rights secured by the Constitution or laws of the United States while acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).  Municipal liability under § 1983 may not rest on respondeat superior and instead must be premised upon "some official action or imprimatur."  *Valle v. City of Hous.*, 613 F.3d 536, 541 (5th Cir. 2010) (quoting *Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001)).  To hold a municipality liable under § 1983, a plaintiff must identify (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom.  *Piotrowski*, 237 F.3d at 578 (citing *Monell v. Dep't of Social Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978)).  Hinds County argues that Plaintiffs have not shown that their constitutional rights were violated, much less that any violation arose out of an official county policy.

A.  Illegal Search

The Amended Complaint avers that "Plaintiffs had the right under the Fourth Amendment of the United States Constitution to be free from unlawful search and seizure."  Am. Compl. [2] ¶ 16.  "To prove a violation of the Fourth Amendment, the person must show that she had a subjective expectation of privacy in the object of the challenged search and that her expectation is one that society would view as reasonable."  *Williams v. Berry*, 977 F. Supp. 2d 621, 630 (S.D. Miss. 2013).  Here, Hinds County notes that neither Plaintiff mentioned an

---

[2] The parties have already engaged in limited discovery related to Lewis's qualified-immunity defense.

unlawful search during his deposition. Def.'s Mem. [39] at 10. And Plaintiffs point to no evidence to support a claim that Hinds County subjected them to an illegal search. Hinds County is entitled to summary judgment on the illegal-search claim.[3]

B.   Malicious Prosecution

Plaintiffs contend that Hinds County "acted maliciously and in the absence of probable cause to commence the criminal proceedings against" them. Am. Compl. [2] ¶ 29. The Fifth Circuit has held that "no . . . freestanding constitutional right to be free from malicious prosecution exists." *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003). Plaintiffs do not address this authority or otherwise explain how they can succeed on a malicious-prosecution claim under § 1983. Summary judgment is granted as to this claim.

C.   Coercion

Plaintiffs claim they "have been subjected to . . . coercion." Am. Compl. [2] ¶ 18. Hinds County interprets the claim as one for violation of Plaintiffs' Fifth Amendment right against self-incrimination, and Plaintiffs have not disputed that construction.

"[T]he Fifth Amendment is not violated unless a defendant is forced to be a witness against himself in a criminal case." *Winn v. New Orleans City*, 919 F. Supp. 2d 743, 752 (E.D. La. 2013) (citing *Chavez v. Martinez*, 538 U.S. 760 (2003)). One way that might occur is if a defendant gives an involuntary statement to authorities that is later used against the defendant at trial. *See Murray v. Earle*, 405 F.3d 278, 289 (5th Cir. 2005) (holding that plaintiff's "statement was involuntary, and that its admission at trial violated her Fifth Amendment right against self-incrimination").

---

[3] Even assuming they had shown constitutional violations as to this and their other claims, Plaintiffs still failed to address municipal liability, much less create fact questions on the essential elements. *See Piotrowski*, 237 F.3d at 578.

Here, both Plaintiffs gave statements to an investigator about the night of the escape. But the County says—without contradiction—that "[t]here is nothing in the record evidence which suggests that [those statements] were . . . used against [Plaintiffs] in the subsequent criminal proceeding." Def.'s Mem. [39] at 11. Indeed, the charges against them were dropped at trial. "The Fifth Amendment privilege against self-incrimination is a fundamental trial right which can be violated only *at* trial, even though pre-trial conduct by law enforcement officials may ultimately impair that right." *Murray*, 405 F.3d at 285. Plaintiffs have not shown their Fifth Amendment rights were violated; Hinds County is entitled to summary judgment on this claim.

D. False Arrest and False Imprisonment

Plaintiffs say Hinds County subjected them to "false imprisonment." Am. Compl. [2] ¶ 18. "To ultimately prevail on [a §] 1983 false arrest/false imprisonment claim, [a plaintiff] must show that [the arresting officer] did not have probable cause to arrest him." *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004); *accord Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001) ("The 'constitutional torts' of false arrest . . . and false imprisonment . . . require a showing of no probable cause."). Hinds County says the affidavits Investigator Boykins filed in the criminal case provide probable cause for Plaintiffs' arrests. *See* Charging Affidavits [34-5]. But the affidavits Boykins filed are the sort of "'bare bones' affidavit[s that are] insufficient to establish probable cause." *United States v. Brown*, 941 F.2d 1300, 1303 (5th Cir. 1991).

Nevertheless, other evidence establishes probable cause to believe Plaintiffs violated Mississippi Code section 97-9-39. That section states that "[i]f any sheriff, jailer, . . . or other officer, . . . shall suffer any person lawfully committed to his custody to escape and go at large, either willfully or *negligently* . . . , he shall, upon conviction, be punished by imprisonment in the county jail not exceeding one (1) year . . . ." Miss. Code Ann. § 97-9-39 (emphasis added).

Here, there was evidence of negligence. Specifically, one of the re-captured inmates reported that they had worked on the third-floor window through which they escaped for four hours during the midnight shift. Smith Statement [34-7]. That was Butler's shift, and in his internal affairs interview, Butler admitted that he did only half of his required hourly cell checks that evening "because he had a doctor's statement that had placed him on light duty." IAD Notes [38-1] at 1. So, for four hours Butler failed to detect work being done on his shift, prompting Lewis to testify that "Butler didn't do his job." Lewis Dep. [34-6] at 73. Plaintiffs never contradicted this evidence or the County's legal arguments regarding it.

As to Plaintiff Johnson, another escaped inmate told investigators that he was present in his cell when Johnson did a headcount at 7:00 a.m. on the morning of the escape and, when Johnson turned his back, the inmate "ran out and ran on the other zone" from which he later escaped. Moore Statement [34-4] at 1. Under an applicable safety policy, a jailer should "not allow any inmate to walk behind [him or her] at any time." Policy No. 02-005 [34-9] at 1. Taken together, this information would have given an arresting officer probable cause to believe that Plaintiffs violated section 97-9-39 of the Mississippi Code. Obviously enough, probable cause is a lower standard than the beyond-a-reasonable-doubt standard that applies at trial.

Finally, even assuming the absence of probable cause, Plaintiffs have pointed to no evidence suggesting that their arrests without probable cause were made pursuant to an official policy or custom of Hinds County. Hinds County is entitled to summary judgment on the false-arrest/false-imprisonment claims.

IV.   Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, Hinds County's Motion for Summary Judgment [38] is

granted.  A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

      **SO ORDERED AND ADJUDGED** this the 3rd day of June, 2020.

                                       s/ *Daniel P. Jordan III*
                                       CHIEF UNITED STATES DISTRICT JUDGE